58674. HARDEE v. COASTAL TRACTOR COMPANY.

SOGNIER, Judge.

Coastal Tractor Company (hereafter Coastal) brought this action to recover the cost of repairs to a used backhoe it sold to Hardee. At the conclusion of the evidence the trial judge directed a verdict for Coastal. On appeal Hardee contends the trial court erred in directing a verdict, and it erred further by directing the verdict based on the statement that [when] "the purchaser of used equipment knows and detects there is something wrong with it and continues to use it, then I think he assumes the risk."

In April, 1976 Rhodes, a salesman for Coastal, gave a used backhoe loader to Hardee to try out. A few days later Hardee agreed to buy the backhoe on condition that certain repairs would be made. Coastal agreed, and an order was written up by Rhodes and the agreed-to repairs were listed on the back of the order. The backhoe was

taken to Savannah, certain repairs were made and the backhoe was returned to Hardee a few days later. Shortly thereafter the lugs on a rear wheel broke, the wheel came off and the backhoe was damaged. It was taken to Coastal for repairs and the resulting bill was $2,639.45, which Hardee has not paid. Coastal brought this action to recover that amount.

Rhodes, by deposition, testified that a day or two after the backhoe was returned to Hardee he called Rhodes and told him the lugs had run off the left rear wheel (prior to the damaging accident referred to above), and Rhodes went to Hardee's place of business the following morning. Rhodes and Hardee agreed to have new lugs sent to Hardee rather than returning the backhoe to Savannah. Rhodes recalls that the repairs agreed upon as a condition of sale were to the steering arm and "the front-end of the tractor — the wheels of one." He does not recall any other repairs and noticed no defect or missing wheel lugs when he inspected the backhoe. Coastal also gave Hardee a 30-day warranty on the engine, axle and transmission at the time of sale.

Hardee testified that the repairs included checking the lug bolts on the rear of the machine. The work was not done when the backhoe was sent to Savannah, and he and Rhodes discussed it when the backhoe was returned to Hardee. Hardee asked Rhodes if it would be all right to run the machine before repairing the lug bolts; Rhodes said it would be all right, so Hardee used the machine with the resulting damages.

Based on the evidence presented, the trial court did not err in directing a verdict for Coastal. It is undisputed that the 30-day warranty did not cover the lug bolts, and a limited warranty may exclude all other warranties. Code Ann. § 109A-2—316 (2). After the damage to the backhoe, it was taken to Coastal for repairs. Hardee signed the work order, agreeing to pay cash on delivery of the repaired backhoe, or to pay on terms mutually agreeable to Coastal and Hardee. Hardee also received payment from his insurance company for repairs to the backhoe. Finally, the evidence established that Hardee used a backhoe in his business and was familiar with heavy equipment. This court has held that a person knowing of a

defect in a vehicle who continues to use the vehicle assumes the risk of operating a defective vehicle. *Harison-Gulley Chevrolet v. Carr,* 134 Ga. App. 449, 454 (214 SE2d 712) (1975). Accordingly, the enumerations of error are without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED FEBRUARY 15, 1980.

*Rudolph J. Chambless,* for appellant.
*W. Grady Pedrick, James L. Pannell,* for appellee.